O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHARLES PERRY TRIGILIO,<br><br>        Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent.<br>_____ | Case No.   CV 09-7225-CAS<br>                 CR 08-292-CAS<br><br>ORDER DENYING PETITION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 |

## I.   INTRODUCTION & BACKGROUND

On October 5, 2009, petitioner Charles Trigilio moved to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner is currently serving a 96-month sentence following his April 2, 2008 plea of guilty to two violations of 18 U.S.C. § 1343 (wire fraud) and a violation of 18 U.S.C. § 401 (contempt). In his plea agreement, petitioner admitted to using fraudulent misrepresentations regarding his qualifications as an investor to solicit innocent third party victims to invest with him, as part of what they later learned was in fact a Ponzi scheme. Opp'n at 1, Exh. D at 16. Petitioner invested only a portion of the funds he received, incurring approximately $2 million in market losses, and transferred approximately $4 million of the investors' funds into personal or business accounts. Id., Exh. D at 19-20. Petitioner pled guilty

pursuant to the plea agreement on April 14, 2008, and acknowledged that he entered his plea of guilty because he was in fact guilty and not because of any coercion of promise outside the agreement. Id. at 2, Exh. E at 25. Petitioner further admitted that his fraudulent conduct violated this Court's order previously entered in Securities Exchange Commissions v. Charles P. Trigilio and Razel Trigilio, Case No. CV 07-6260 (CAS).[1] Id. at 1-2, Exh. D at 20. The 96-month sentence imposed by the Court constituted a downward variance from the applicable guideline range of 121 to 151 months, as well as the 121 month sentence recommended by both the government and United States Probation Officer. Id. at 1, Exh. C at 3; Exh. G at 41. The Court also imposed a restitution order of $5,604,451.44, a special assessment of $200, and three years of supervised release under specified conditions. Id. at 7, Exh. G at 42.

Petitioner's motion is based on the theory that he was denied effective assistance of counsel. In particular, petitioner contends that his counsel, DFPD Yasmin Cader, withheld a number of relevant facts during sentencing which, petitioner argues, would have resulted in a lower sentence. Mot. at 5. Such facts identified by petitioner include: (i) he did not recognize any financial gain as a result of the offense; (ii) that his breach of the Court's order was motivated by a need to pay ransom on his life; (iii) his attorney represented his actions to the Court as being motivated by greed; and (iv) that the brokerages used by petitioner failed to implement sufficient asset protections. Id. at 7. The government filed its opposition on February 4, 2010. Petitioner filed his reply on March 2, 2010. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

---

[1] The order prohibited petitioner from "placing an order of any security for the account of another person; requesting or effectuating the transfer of funds into or out of any account held at any financial institution or brokerage firm in the name of . . . any other person by wire, electronic transfer, or otherwise; requesting or obtaining access to information regarding any account held at any financial institution or brokerage firm in the name of . . . another person." Opp'n at 2.

2

## II. LEGAL STANDARD

A petition pursuant to 28 U.S.C. § 2255 challenges a federal conviction and/or sentence to confinement where a prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Sanders v. United States, 373 U.S. 1, 2 (1963).

Ineffective assistance of counsel constitutes a violation of the Sixth Amendment right to counsel, and thus, if established, is grounds for relief under section 2255. To establish ineffective assistance of counsel, a petitioner must prove by a preponderance of the evidence: (1) the assistance provided by counsel fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). A claim of ineffective assistance of counsel fails if either prong of the test is not satisfied and petitioner has the burden of establishing both prongs. Id. at 697; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995).

With respect to the first prong, the court's review of the reasonableness of counsel's performance is "highly deferential," and there is a "strong presumption" that counsel exercised reasonable professional judgment. Id. The petitioner must "surmount the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id.

After establishing an error by counsel and thus satisfying the first prong, a petitioner must satisfy the second prong by demonstrating that his counsel's error rendered the result unreliable or the trial fundamentally unfair. Lockhart v. Fretwell, 506 U.S. 364, 372 (1993). A petitioner must show that there is a reasonable probability that, but for his counsel's error, the result of the proceeding would have been different.

<u>Strickland</u> at 694.  A "reasonable probability" is a probability sufficient to undermine confidence in the outcome.  <u>Id.</u>

The Court need not necessarily determine whether petitioner has satisfied the first prong before considering the second.  The Supreme Court has held that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed."  <u>Id.</u> at 670.  Indeed, a petitioner's failure to allege the kind of prejudice necessary to satisfy the second prong is sufficient by itself to justify a denial of a petitioner's section 2255 motion without hearing.  <u>Hill v. Lockhart</u>, 474 U.S. 52, 60 (1985).

**III.   DISCUSSION**

Petitioner argues that "he has been denied effective assistance of counsel by: defense attorney's withholding of salient 3553 motion information; defense attorney's misrepresentations to the court; and defense attorney's refusal to correct material representations by the prosecution."  Mot. at 5 (reverse side).  Petitioner contends that the actions of his public defender, which amounted to ineffective assistance of counsel, include the following facts: "(1) I have not recognized any financial gain as a result of my offenses; prosecuting attorneys accused me of using the money to support my lifestyle, when in essence, I have suffered a large financial loss by paying money to clients from my own personal finances . . . (my attorney refused to correct this misconception made to the court by the prosecution); . . . (2) I notified my attorney on several occasions, including the Pre-Sentencing Interview, regarding an individual who put undue pressure upon me, by threatening my life and that of my family if I didn't repay him. . . .  My actions to continue to raise funds at this point [in contempt of Court] were a direct result of this threat against my life; . . . (3) despite my suffering a large financial loss, my attorney represented my action to the court as being motived by 'greed' . . . and repeatedly insisted that I use the word 'greed' in my own statement to the court at sentencing; [and] (4) my attorney failed to mention . . . that the brokerages involved, on some occasions, froze client accounts and did not let anyone (including

1   clients) have access to their account . . . [preventing] protection of option strategies
2   [that] could have been implemented to preserve capital." Id.
3       The government responds by arguing that the Court should deny petitioner's
4   motion because "the facts that petitioner claims should have been presented earlier were
5   in fact presented at sentencing, would have little impact on the sentence, or do not show
6   deficient performance by defense counsel." Opp'n at 8. The government further
7   responds by addressing the four mitigating facts identified by petitioner as constituting
8   ineffective assistance of counsel. The Court will discuss each in turn.

    **A.    Petitioner's Failure to Recognize Financial Gain from his Conduct**

10       The government argues that "the Court was made well aware of those facts at
11   sentencing"—namely, the Court was expressly informed that petitioner paid back the
12   victims in this case with petitioner's own funds, including mortgaging his house, and
13   that his family was left without assets as a result of his criminal conduct. Id. at 10.
14   Accordingly, the government argues that petitioner cannot satisfy the "materiality"
15   prong of the Strickland standard because he cannot demonstrate a reasonable likeliness
16   that his sentence would be different if defense counsel further made the Court aware of
17   facts that it already knew. Id. at 11. The government contends that this is especially
18   true because "the government did not base any of its sentencing arguments on whether
19   petitioner realized any profit from his conduct." Id. Moreover, the government argues
20   that defense counsel's tactical decisions at sentencing were objectively reasonable
21   because focusing her argument on any financial loss petitioner suffered would directly
22   undermine the strategy of petitioner "fully accept[ing] responsibility for his offense
23   conduct and emphasiz[ing] positive aspects of petitioner's background and personal
24   life." Id. at 12.
25       Petitioner replies that the government did base some of its sentencing arguments
26   on whether petitioner realized any profits from his conduct, and that defense counsel's
27   "insistence to withhold information regarding this fact may well have impeded a
28   decision from the Judge to reduce the sentence based on a 3553(a) motion factor."

5

Reply at 3 (citing Magistrate Case No. 08-135, pg. 3 of 25 in Compl. for Violation of Title 18, U.S.C. § 401). Given the Court's explanation during sentencing that "petitioner and other people in his position must be deterred from ever undertaking this sort of investment scheme again," petitioner argues that other people in his position would see that keeping the money and using it for themselves would carry the same sentence as returning all the money you have. Id. at 4.

The Court finds that petitioner's claim regarding his failure to receive financial gain from his conduct is insufficient to establish ineffective assistance of counsel because the record indicates that the Court was aware of such information at the time of sentencing. Moreover, the Court finds that, even if this information was not provided to the Court and that this somehow affected his sentence, petitioner has failed to overcome the "strong presumption" that counsel exercised reasonable professional judgment. See United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995).

### B. Petitioner's Allegation of Duress

The government argues that this claim should be rejected because petitioner's allegations that his conduct was motivated by a threat to his and his family's lives are vague and lack credibility since "petitioner has proffered no admissible evidence in support of this claim—not even a sworn affidavit."[2] Opp'n at 13. The government further contends that "the[se] facts alleged by petitioner . . . are not clearly connected to his offense conduct, and his claim regarding duress should be rejected on that ground alone." Id. at 14 (citing Blackledge v. Allison, 431 U.S. 63, 75 (1977)). Moreover, the government argues that petitioner's claim for ineffective assistance of counsel should fail because petitioner's defense counsel's performance was not deficient as "defense counsel put forth a reasonable defense strategy of accepting responsibility for petitioner's offense conduct but emphasizing the mitigating factors in petitioner's

---

[2] The government argues that petitioners allegations regarding duress lack credibility because they contradict petitioner's own representations to the Court both at the sentencing and in his letter to the Court. Opp'n at 15.

background and personal life.  That strategy was supported by more than a dozen letters from third parties that attested to petitioner's good character." Id. at 16.

Petitioner replies that his actions "to continue to raise funds and violate the Court's Order was a direct result of this real threat against petitioner's life."  Reply at 5. Petitioner contends that DFPD Yasmin Cader explicitly told him not to mention the kidnaping incident at sentencing, and therefore "petitioner had no choice but to agree to answer all the government's questions while evading the topic of the kidnaping incident, by signing the agreement, agreeing to the statements made by the Court, including agreeing to statements that petitioner was not coerced in any way by anyone." Id.  Moreover, petitioner contends that, beyond telling public defender Ms. Cader about the kidnaping incident, he sent a letter to AUSA Stephanie Yonekura McCaffrey after sentencing in July 2009, which explains in detail the alleged kidnaping incident." Id. at 5-6; Id., Exh. B.

The Court finds that petitioner's claim that his counsel withheld information regarding an alleged kidnaping and extortion incident does not amount to ineffective assistance of counsel.  Given the lack of credible evidence in support of petitioner's allegations and the dubious nature in which petitioner has alleged such a serious crime, defense counsel used reasonable professional judgment in her strategy of representing petitioner.  Further, even if petitioner were believed, there is no basis for concluding that a lesser sentence would have been imposed.  Accordingly, the Court concludes that petitioner has failed to meet his burden under Strickland in establishing that public defender Cader's representation was ineffective.

**C.     Characterization of Petitioner's Conduct as Motivated by "Greed"**

The government contends that "petitioner's argument once again fails the materiality prong under Strickland [because] there is simply no reasonable likelihood that petitioner's word choice in describing his fraudulent conduct would have a material bearing on the sentence he received."  Opp'n at 17.  The government emphasizes that the materiality prong is not met because the notion that petitioner's conduct was

7

motivated by greed is self-evident, as he "admitted that he defrauded the victims out of millions of dollars in investments, lied to the victims about their investments, and hid investment records from them." Id.  The government further contends that "the choice of words used by defense counsel and petitioner were parts of the same, reasonable tactical decision to fully accept responsibility for the underlying offense and to avoid appearing to minimize petitioner's conduct." Id. at 17-18.

In his reply, petitioner does not directly address his claim regarding the characterization of his conduct being motivated by "greed."  Petitioner does argue that "despite petitioner's request to divulge the information regarding the kidnaping, Public Defender Yasmin Cader preferred to have petitioner state that petitioner was motivated by 'greed.'" Reply at 7.

The Court finds that petitioner has not established a reasonable probability that, but for his counsel's characterization of his conduct as motivated by "greed," the result of the proceeding would have been different. Strickland. 466 U.S. at 694.  The Court further finds that petitioner has not overcome "the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." See Quintero-Barraza, 78 F.3d at 1348.

### D. Allegations Regarding Failures by Brokerage Companies to Preserve Capital

The government makes similar arguments to those set forth above—namely, that defense counsel's strategy was reasonable and would have been undermined by pointing to a third party's alleged failures, as well as that petitioner has failed to meet the materiality prong under Strickland. Opp'n at 18-19.  In addition, the government emphasizes that "the fraudulent conduct to which petitioner admitted stretched over a period of five years . . . [and] any claim regarding what steps a third party could have or should have taken to avoid losses caused by petitioner's fraud is besides the point; what mattered was that petitioner fraudulently obtained the victims' funds and put their investments at risk in the first place." Id. at 19.

While petitioner does not address this claim in his reply, the Court presumes that petitioner makes similar arguments to those in his motion to vacate. However, the petitioner summarizes his argument by contending that, with the information presented in this motion, the sentencing point total should be reduced from 32 to 30 resulting in a 24-month reduction in sentence. Petitioner also contends that an additional one year reduction should be applied for 3553(a) factors which the Court originally considered, but decided against, during sentencing. Reply at 8. "Thus, petitioner is requesting a total of a 3 year reduction in sentence, changing the original sentence from 96 months to 60 months." Id.

The Court finds that petitioner's claim regarding the failure of the brokerage companies does not amount to ineffective assistance of counsel because petitioner has not established that defense counsel's failure to argue this was objectively unreasonable and that had she made this argument there is a reasonable probability that petitioner's sentence would have been different. Moreover, the Court concludes that petitioners request for a 36-month reduction of sentence is unfounded because the arguments brought by petitioner in this motion do not present a valid claim for ineffective assistance of counsel.

**IV.   CONCLUSION**

In accordance with the foregoing, the Court hereby DENIES petitioner's motion to vacate, set aside or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255.

IT IS SO ORDERED.

Dated:      March 31, 2010

HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE